# SUPREME COURT OF THE UNITED STATES

### JOSEPH JONES, DESMOND THURSTON, AND ANTWUAN BALL *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 13–10026.   Decided October 14, 2014

The petition for a writ of certiorari is denied.

JUSTICE SCALIA, with whom JUSTICE THOMAS and JUSTICE GINSBURG join, dissenting from denial of certiorari.

A jury convicted petitioners Joseph Jones, Desmond Thurston, and Antwuan Ball of distributing very small amounts of crack cocaine, and acquitted them of conspiring to distribute drugs. The sentencing judge, however, found that they *had* engaged in the charged conspiracy and, relying largely on that finding, imposed sentences that petitioners say were many times longer than those the Guidelines would otherwise have recommended.

Petitioners present a strong case that, but for the judge's finding of fact, their sentences would have been "substantively unreasonable" and therefore illegal. See *Rita* v. *United States*, 551 U. S. 338, 372 (2007) (SCALIA, J., joined by THOMAS, J., concurring in part and concurring in judgment). If so, their constitutional rights were violated. The Sixth Amendment, together with the Fifth Amendment's Due Process Clause, "requires that each element of a crime" be either admitted by the defendant, or "proved to the jury beyond a reasonable doubt." *Alleyne* v. *United States*, 570 U. S. \_\_\_, \_\_\_ (2013) (slip op., at 3). Any fact that increases the penalty to which a defendant is exposed constitutes an element of a crime, *Apprendi* v. *New Jersey*, 530 U. S. 466, 483, n. 10, 490 (2000), and "must be found by a jury, not a judge," *Cunningham* v.

*California*, 549 U. S. 270, 281 (2007).* We have held that a substantively unreasonable penalty is illegal and must be set aside. *Gall* v. *United States*, 552 U. S. 38, 51 (2007). It unavoidably follows that any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury. It *may not* be found by a judge.

For years, however, we have refrained from saying so. In *Rita* v. *United States*, we dismissed the possibility of Sixth Amendment violations resulting from substantive reasonableness review as hypothetical and not presented by the facts of the case. We thus left for another day the question whether the Sixth Amendment is violated when courts impose sentences that, but for a judge-found fact, would be reversed for substantive unreasonableness. 551 U. S., at 353; see also *id.*, at 366 (Stevens, J., joined in part by GINSBURG, J., concurring) ("Such a hypothetical case should be decided if and when it arises"). Nonetheless, the Courts of Appeals have uniformly taken our continuing silence to suggest that the Constitution *does* permit otherwise unreasonable sentences supported by judicial factfinding, so long as they are within the statutory range. See, *e.g., United States* v. *Benkahla*, 530 F. 3d 300, 312 (CA4 2008); *United States* v. *Hernandez*, 633 F. 3d 370, 374 (CA5 2011); *United States* v. *Ashqar*, 582 F. 3d 819, 824–825 (CA7 2009); *United States* v. *Treadwell*, 593 F. 3d 990, 1017–1018 (CA9 2010); *United States* v. *Redcorn*, 528 F. 3d 727, 745–746 (CA10 2008).

This has gone on long enough. The present petition

---

*With one exception: We held in *Almendarez-Torres* v. *United States*, 523 U. S. 224 (1998), that the fact of a prior conviction, even when it increases the sentence to which the defendant is exposed, may be found by a judge. But see *id.*, at 248 (SCALIA, J., dissenting); *Rangel-Reyes* v. *United States*, 547 U. S. 1200, 1202 (2006) (THOMAS, J., dissenting from denial of certiorari).

presents the nonhypothetical case the Court claimed to have been waiting for. And it is a particularly appealing case, because not only did no jury convict these defendants of the offense the sentencing judge thought them guilty of, but a jury *acquitted* them of that offense. Petitioners were convicted of distributing drugs, but acquitted of conspiring to distribute drugs. The sentencing judge found that petitioners had engaged in the conspiracy of which the jury acquitted them. The Guidelines, petitioners claim, recommend sentences of between 27 and 71 months for their distribution convictions. But in light of the conspiracy finding, the court calculated much higher Guidelines ranges, and sentenced Jones, Thurston, and Ball to 180, 194, and 225 months' imprisonment.

On petitioners' appeal, the D. C. Circuit held that *even if* their sentences would have been substantively unreasonable but for judge-found facts, their Sixth Amendment rights were not violated. 744 F. 3d 1362, 1369 (2014). We should grant certiorari to put an end to the unbroken string of cases disregarding the Sixth Amendment—or to eliminate the Sixth Amendment difficulty by acknowledging that all sentences below the statutory maximum are substantively reasonable.