**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**George L. GRACE, Sr., Defendant–**
**Appellant.**

**No. 14–31342**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Mary Patricia Jones, Assistant U.S. Attorney, Corey Ross Amundson, Helina S. Dayries, Assistant U.S. Attorney, U.S. Attorney's Office, Baton Rouge, LA, for Plaintiff–Appellee.

Michael Allyn Stroud, Wiener, Weiss & Madison, A.P.C., Shreveport, LA, E.J. Hurst, II, Attorney, Law Office of E.J. Hurst, II, Durham, NC, Lewis O. Unglesby, Attorney, Unglesby Law Firm, Baton Rouge, LA, for Defendant–Appellant.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

**300**

PER CURIAM: *

George L. Grace, the former mayor of St. Gabriel, Louisiana, was charged with 13 counts of corruption-related offenses arising out of four schemes: the Hurricane Katrina Scheme, the City Vendor Scheme, the Real Estate Scheme, and the Cifer 5000 Scheme. A jury convicted Grace of seven of those counts, Counts 1, 6–9, 11, and 13, and acquitted him of the remaining counts, Counts 2–5, 10, and 12.

This court affirmed his convictions on appeal but determined that the district court erred with respect to his sentence by miscalculating the amount of loss applicable to two fraudulent letters he wrote. *United States v. Grace*, 568 Fed.Appx. 344, 355–56 (5th Cir.2014). Accordingly, this court vacated his sentence and remanded the case for resentencing. On remand, the district court sentenced Grace to a total of 240 months of imprisonment, one year of supervised release, a $50,000 fine, and forfeiture of at least $22,000. Grace now appeals his sentence on remand.

▪ We first address Grace's argument that it was unconstitutional for the district court to consider his acquitted conduct at sentencing under the preponderance of the evidence standard. We review this argument de novo. *United States v. Hernandez*, 633 F.3d 370, 373 (5th Cir.2011). In *United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." While Grace contends that this rule should be reexamined in light of *Alleyne v. United States*, ——

U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and the dissent from the denial of certiorari in *Jones v. United States*, —— U.S. ——, 135 S.Ct. 8, 190 L.Ed.2d 279 (2014), *Watts* continues to remain controlling law. *See United States v. Melancon*, 662 F.3d 708, 713–14 (5th Cir.2011).

In a related argument, Grace contends that the district court erred in determining, for purposes of sentencing, that he was not acquitted of the conduct alleged in Counts 2–5, 10, and 12 because his conviction on Count 1, a charge under the Racketeer Influenced Corrupt Organizations Act, included such conduct among its predicate racketeering acts. We need not reach this argument, as the district court was permitted under *Watts* to consider the conduct alleged in those counts under a preponderance of the evidence standard, even if such conduct constituted acquitted conduct. *See Watts*, 519 U.S. at 157, 117 S.Ct. 633.

Next, Grace argues that the district court erred in determining his guidelines range by miscalculating the amount of loss applicable to his conduct under U.S.S.G. § 2C1.1(b)(2) and § 2B1.1(b)(1) and by assessing the aggravating-role enhancement under § 3B1.1(a). With regard to the amount of loss, Grace argues that the district court erred by including the loss values of $18,000 for the Hurricane Katrina Scheme, $450,000 for the City Vendor Scheme, and $900,000 for the Real Estate Scheme.

▪ Grace contends that the $18,000 amount represented the value of a bribe and should not have been included cumulatively in the loss amount pursuant to § 2C1.1, comment. (n.3) and that the $450,000 amount should have been offset completely because the City of St. Gabriel

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

received $450,000 worth of equipment and services in the exchange. Grace did not raise these arguments regarding the $18,000 and $450,000 values in the district court.

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir.2009). Grace's arguments in the district court challenging the $18,000 and $450,000 values on other grounds were insufficient to preserve his instant arguments regarding those amounts. Thus, his arguments regarding the $18,000 and $450,000 values are subject to plain error review. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir.2001). The district court's inclusion of the $18,000 and $450,000 amounts in the total loss rested on factual findings for which Grace cannot demonstrate plain error on appeal. *See id.* Accordingly, his challenge to those amounts is unavailing.

Grace asserts that the $900,000 in the Real Estate Scheme represented a loan amount that was sought for the purchase of property in the scheme. While Grace acknowledges that he wrote a fraudulent zoning letter to support an attempt to obtain the loan, he argues that the amount of loss attributable to his letter was speculative and could not reasonably be determined. Because Grace preserved this argument, we review the district court's assessment of the $900,000 amount for clear error. *See United States v. Nelson*, 732 F.3d 504, 520 (5th Cir.2013). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. *United States v. Scher*, 601 F.3d 408, 413 (5th Cir.2010).

While Grace challenges the $900,000 value relating to his fraudulent zoning letter, he does not brief any argument challeng-ing the district court's finding that the Real Estate Scheme separately entailed a $1,360,000 loss value stemming from Grace's offer to direct money from various government programs to buy and develop property. Grace has thus waived any such argument. *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir.2002). In light of the separate $1,360,000 loss amount, Grace has not demonstrated clear error on this issue. *See Scher*, 601 F.3d at 413–14.

█ In the second part of his argument regarding the Guidelines, Grace contends that the district court erred in applying the aggravating-role enhancement under § 3B1.1(a) because the criminal activity did not involve five or more participants. Grace raises this issue for the first time in this appeal. Because Grace did not raise this issue in his initial appeal, even though he had as much reason to raise it then as he does now, he has waived the issue. *See United States v. Griffith*, 522 F.3d 607, 610–11 (5th Cir.2008).

In his final argument, Grace challenges the substantive reasonableness of his sentence. Grace acknowledges that his 240–month sentence was below the guidelines range used by the district court, but he contends that his sentence is substantively unreasonable because the district court's consideration of his acquitted conduct unduly inflated his guidelines range. Grace further asserts that his actual total gain from his crimes was only $22,000, notwithstanding the total intended loss; he is a nonviolent first-time offender; and the 240–month sentence is effectively a life sentence for him because of his age.

█ We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Hernandez*, 633 F.3d at 375. A presumption of reasonableness applies to Grace's sentence. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir.2015), *cert. denied* ___ U.S. ___, 136

S.Ct. 920, 193 L.Ed.2d 807 (2016). The district court heard Grace's arguments for a lesser sentence based on his age and other factors but determined that a 240–month sentence, which the district court noted was lower than Grace's original sentence and a substantial downward variance from his guidelines range of life imprisonment, was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). Grace has not shown that the district court abused its discretion in regard to his sentence. *See Simpson,* 796 F.3d at 557.

To the extent Grace asserts an as-applied Sixth Amendment challenge to his sentence on the ground that judicial fact-finding has rendered his sentence substantively unreasonable, this court's precedent has foreclosed "as-applied Sixth Amendment challenges to sentences within the statutory maximum that are reasonable only if based on judge-found facts." *Hernandez,* 633 F.3d at 374.

AFFIRMED.