In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1406

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BYRON J. HOLTON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:15-cr-30016-SMY-1 — **Staci M. Yandle**, *Judge.*

ARGUED OCTOBER 4, 2017 — DECIDED OCTOBER 13, 2017

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

PER CURIAM.  Byron Holton pleaded guilty to robbing a
grocery store in southern Illinois while carrying and using a
firearm, and a jury found him guilty of conspiring to commit
Hobbs Act robbery (a robbery affecting interstate commerce).
In sentencing Holton on the conspiracy count, the district judge
imposed a prison term roughly four years above the recom-

mended Guidelines sentence. The judge based the sentence on other robberies that Holton committed, and that were relevant to his conspiracy conviction, but for which he was not charged. He contends that the district judge abused her discretion by relying on uncharged conduct as the basis for imposing an above-Guidelines sentence. Because the Supreme Court has held that a district judge may consider evidence of conduct that is relevant to the offense of conviction, even if that conduct is uncharged, we affirm the judgment.

We begin with some background. Holton lost his factory job and, in need of money, agreed with two friends to rob drug dealers. After the group successfully robbed several drug dealers, it redirected its efforts to target grocery stores, including a Shop 'n Save. Once Holton knocked off this store, law enforcement agents tracked him down, and he confessed during questioning to participating in robbing the Shop 'n Save.

In a second superseding indictment, the government charged Holton with seven counts: one count for conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; three counts of Hobbs Act robbery for hits on the Shop 'n Save and two other stores, Q-Mart and Alps Grocery Store, in violation of 18 U.S.C. § 1951; and three counts of using a firearm during each of these grocery store robberies—all crimes of violence—in violation of 18 U.S.C. § 924(c)(1)(A). He was not charged with robbing the drug dealers. Holton pleaded guilty to two counts—Hobbs Act robbery of the Shop 'n Save and the § 924(c) charge of doing so while using a firearm—but he went to trial on the other charges. A jury

found him guilty of conspiracy but acquitted him of the remaining charges.

The parties did not contest the judge's calculations of the Guidelines ranges for Holton's crimes. For the § 924(c) offense for which Holton had pleaded guilty, the judge determined that it carried at least a seven-year sentence, to be served consecutively to any other sentence imposed. As to the convictions for conspiracy and robbing the Shop 'n Save, grouped together for Guidelines purposes, *see* U.S.S.G. § 3D1.2(a), the judge declared that the advisory Guidelines range was 41-51 months based on Holton's offense level of 20 and criminal history category of III.

Holton requested a prison term that fell "at the low end" of the Guidelines range, but focused his sentencing argument on why he should not receive a term above the Guidelines range. He argued that it would violate his Fifth and Sixth Amendment rights if the court decided that acquitted conduct (the Q-Mart and Alps Grocery Store robberies) and uncharged conduct (the drug-dealer robberies) justified him receiving an above-Guidelines sentence. He contended that if the judge considered this conduct relevant, she would repudiate the jury's verdict and unconstitutionally punish him for crimes for which he was not convicted.

The government argued that, in considering the factors under 18 U.S.C. § 3553(a), the court should impose a sentence of 25 years' imprisonment because Holton was "one of the most violent and dangerous criminals in our society." The government focused on the expansive nature and circumstances of the conspiracy. The government asserted that a

preponderance of the evidence showed that Holton had robbed at gunpoint various drug dealers and the Q-Mart and Alps Grocery Store before the conspiracy led him to commit the Shop 'n Save robbery. The government also contended that an above-Guidelines sentence was needed "to reflect the danger of bodily harm Holton created" during the robberies and to protect the public by "incapacitat[ing]" him.

The district judge imposed prison terms of 96 months for the conspiracy offense and 51 months for the robbery conviction, to be served concurrently, and 84 months for the § 924(c) offense, as well as five years' supervised release. The judge acknowledged that she had the discretion to consider acquitted conduct but declined to do so because, she said, that would "totally denigrate[] the Sixth Amendment and would [] be tantamount to jury nullification." But the judge also thought a sentence within the Guidelines range for the conspiracy offense would not appropriately reflect the seriousness or nature of this crime. She explained that based on the trial evidence, the conspiracy began with "robbing drug dealers" and "evolved" into robbing other businesses, including the Shop 'n Save. Because the drug-dealer robberies were "connected in a substantial way to the conspiracy charge and conviction," they were "significantly relevant" to the "nature and circumstances of that conspiracy" as "uncharged conduct which I have authority to consider." The judge ultimately decided that the drug-dealer robberies warranted a harsher sentence.

On appeal, Holton argues that the district judge imposed a substantively unreasonable sentence by relying on uncharged conduct (the drug-dealer robberies) as the basis for imposing

an above-Guidelines sentence on the conspiracy count. He first contends that the judge wrongly supplanted the jury's fact-finding role and improperly used a preponderance-of-the-evidence standard (instead of beyond a reasonable doubt) when determining that he robbed drug dealers. In support of this argument, he quotes Justice Scalia, who, in a dissent from a denial of certiorari, disapproved of judges finding facts at sentencing about uncharged or acquitted conduct. According to Justice Scalia, "any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury." *Jones v. United States*, 135 S. Ct. 8, 8 (2014) (Scalia, J., dissenting from the denial of certiorari). In the alternative, Holton asserts that the district judge wrongly assumed that "if Appellant was convicted on the conspiracy count, it was proven beyond a reasonable doubt that Appellant was involved with the uncharged conduct … ."

Neither argument is availing. The Supreme Court has long authorized judges to consider at sentencing criminal conduct that is relevant to the offense of conviction, even if the defendant was not was convicted for that conduct, "so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). *See* also *United States v. Heckel*, 570 F.3d 791, 797 (7th Cir. 2009). Exercising this discretion does not violate a defendant's constitutional rights because as the Court explained, "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." *Watts*, 519 U.S.

at 154. The dissent in *Jones* does not undermine *Watts* as controlling authority.

In this case, the judge's sentencing of Holton for the conspiracy conviction complied with *Watts.* Although she did not state explicitly that Holton more likely than not robbed drug dealers, she said enough to show that she reached this conclusion and therefore did not err. When a judge does not find explicitly that a defendant committed uncharged conduct by a preponderance of the evidence, the sentence will be upheld if "it is clear from the record" that the judge determined that the defendant is responsible for it. *United States v. White*, 737 F.3d 1121, 1141 (7th Cir. 2013) (internal quotation marks and citation omitted). At sentencing, the judge explained that the drug-dealer robberies "represent[ed] uncharged conduct which I have authority to consider." The trial evidence, she observed, showed that the robbery conspiracy had "evolved" from robbing drug dealers to robbing the Shop 'n Save. The earlier robberies therefore were "significantly relevant" to her consideration of "the nature and circumstances of that conspiracy offense." These statements also rebut Holton's alternative argument that the judge incorrectly assumed that the conspiracy conviction meant that the government had proven the drug-dealer robberies beyond a reasonable doubt. The judge merely decided that the earlier robberies were relevant to sentencing Holton for the conspiracy offense and that she was satisfied from the trial evidence that the conduct had occurred.

The judgment of the district court is AFFIRMED.