16-3142-cr
United States v. Jose Martinez, AKA Noelle

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

                  v.                                          16-3142-cr

JOSE MARTINEZ, AKA Noelle,

                      *Defendant-Appellant*.[1]

_____

Appearing for Appellant:      Jillian S. Harrington, Monroe Township, N.J.

Appearing for Appellee:       Mary C. Baumgarten, Assistant United States Attorney *for* James
                              P. Kennedy, Jr., United States Attorney, Buffalo, N.Y.

Appeal from an order of the United States District Court for the Western District of New York (Skretny, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Jose Martinez appeals from a judgment, entered on August 29, 2016, in the United States District Court for the Western District of New York (Skretny, *J.*), sentencing Martinez to life imprisonment for conspiracy to possess with intent to distribute, and to distribute 500 grams or more of cocaine, and 28 grams or more of a mixture containing cocaine base. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Martinez primarily argues that: (1) his conviction was not supported by sufficient evidence; (2) the district court erred in denying his request to provide the jury with a buyer-seller instruction; (3) the district court erred in repeatedly advising defense counsel in front of the jury that his objections and requests were denied but that he would have the opportunity to cross-examine the government's witness; (4) the cumulative effect of prosecutorial errors requires reversal; (5) the district court violated his constitutional rights by using acquitted conduct in imposing a sentence of life imprisonment. We address each argument in turn.

1. **Sufficiency of the Evidence**

Although this Court reviews sufficiency of the evidence claims de novo, *see United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010), a defendant mounting such a challenge "bears a heavy burden," *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (internal quotation marks omitted). This is because, in assessing whether the evidence was sufficient to sustain a conviction, "'we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.'" *Sabhnani*, 599 F.3d at 241 (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). "If the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (internal alterations and quotation marks omitted). Following this review, this Court "must affirm the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Martinez argues that this Court must reverse Martinez's conviction with an order to enter a judgment of acquittal because the government failed to prove beyond a reasonable doubt that Martinez became a member of the conspiracy (the scope of which, Martinez argues, is unclear). Martinez asserts that the evidence demonstrates only, if anything, that "Martinez was just a seller and Turner was just his buyer." Appellant's Br. at 43. To prove Martinez's narcotics conspiracy conviction, the government was required to show at trial that (1) "two or more persons agreed to participate in a joint venture intended to commit an unlawful act," *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997), and (2) that Martinez "knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it," *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006). Martinez concedes that "the first prong . . . was met in this case as there was clearly an agreement between Turner, Quentin Leeper and others." (Appellant's Br.

2

at 22.) Accordingly, at issue before this Court is whether any rational trier of fact could have found beyond a reasonable doubt that Martinez knowingly became a member of the conspiracy.

The government presented evidence to the jury that Martinez knowingly participated with Turner and others in a narcotics distribution conspiracy and that he conspired with Turner as to "other transfers either by the seller or by the buyer[.]" *United States v. Parker*, 554 F.3d 230, 232 (2d Cir. 2009). In particular, the jury was presented with evidence that Martinez sold wholesale quantities, that he "fronted" kilos of cocaine to Turner, that he had approached Turner and offered to sell him better quality cocaine than he was currently receiving at a lower price, and that he would receive cash payments from Turner in which Turner and Leeper had pooled money. This evidence, taken together, suffices to establish that Martinez was not "genuinely indifferent to the possibility of retransfer," but rather there was a "shared intention between the transferor and transferee that further transfers occur." *Parker*, 554 F.3d at 236; *see also Hawkins*, 547 F.3d at 69-70 ("[O]ur sufficiency of the evidence test must consider the government's case in its totality rather than in its parts, and may be satisfied by circumstantial evidence alone.") (internal alterations and quotation marks omitted).

### 2. Denial of Requested Buyer-Seller Jury Instruction

A trial court's decision not to include a requested jury instruction may be overturned "only if the instruction that was sought accurately represented the law in every respect and only if viewing as a whole the charge actually given, the defendant was prejudiced." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005) (internal alteration and quotation marks omitted). Prejudice may result where a requested instruction "represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted).

Here, there was ample evidence that Martinez had a stake in additional transfers of drugs beyond the transfers to Turner. Accordingly, the buyer-seller theory of defense did not have a "basis in the record that would lead to acquittal." *Quattrone*, 441 F.3d 153; *see also Hawkins*, 547 F.3d at 72 ("Where, for example, there is advanced planning among the alleged co-conspirators to deal in wholesale quantities of drugs obviously not intended for personal use . . . the participants in the transaction may be presumed to know that they are part of a broader conspiracy."(internal alterations and quotation marks omitted)).

### 3. District Court's Responses to Defense Counsel's Objections and Requests to Voir Dire

Martinez argues that his conviction should be reversed and a new trial ordered because, when defense counsel objected and moved to strike improper questions and answers, the district court repeatedly made comments to the effect of "overruled, you can cross-examine if you choose to do that." *See, e.g.*, Gov't App'x at 1448. Martinez argues that these "burden-shifting comments" violated Martinez's Fifth Amendment right to sit back and put the government to its proof. (Appellant's Br. at 61.) Martinez does not challenge the admission or rejection of

3

evidence; rather, he argues that the judge's comments in response to his objections violated his constitutional rights.

Pursuant to Federal Rule of Evidence 103(c), "[t]he court may make any statement about the character or form of the evidence, the objection made, and the ruling." Fed. R. Evid. 103(c). "Even if the court's commentary was inappropriate, the relevant inquiry on appeal is whether the judge's behavior was so prejudicial that it denied the defendant a fair, as opposed to a perfect, trial, and the defendant's burden on that question is substantial." *United States v. Tracy*, 12 F.3d 1186, 1201 (2d Cir. 1993) (internal alterations and quotation marks omitted); *see also United States v. Amiel*, 95 F.3d 135, 146 (2d Cir. 1996) ("The court's role is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid." (internal quotation marks omitted)). When analyzing the prejudicial effect of a trial judge's comments, the reviewing court must not judge such comments in isolation but must instead make "an examination of the entire record, in order to determine whether the defendant received a fair trial." *United States v. Mickens*, 926 F.2d 1323, 1327 (2d Cir. 1991) (internal quotation marks omitted). "[T]he overriding consideration is whether the judge saw to it that the jury had all the admissible evidence and knew it was free to find the facts as it thought the evidence showed them to be." *United States v. Filani*, 74 F.3d 378, 386 (2d Cir. 1996).

Viewing the 5,793-page transcript as a whole, the district court's explanatory comments regarding cross examination were not so prejudicial as to deny Martinez a fair trial, as opposed to a perfect one. Any prejudicial effect of the comments was mitigated by the district court's repeated instructions to the jury throughout the trial that the burden of proof remained on the government at all times and that the defendants were presumed innocent. Any prejudicial effect was also mitigated by the district court's final instruction to the jury regarding the burden of proof and presumption of innocence.

### 4. Cumulative Prosecutorial Errors

When prosecutorial misconduct is alleged, "a new trial is only warranted if the misconduct is 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *United States v. McCarthy*, 54 F.3d 51, 55 (2d Cir. 1995) (quoting *Blissett v. LeFevre*, 924 F.2d 434, 440 (2d Cir. 1991)). In determining if a defendant's right to a fair trial was denied, we consider "[t]he severity of the misconduct, curative measures, and the certainty of conviction." *Blissett*, 924 F.2d at 440. And this Court has stated that "the cumulative effect of a trial court's errors, even if they are harmless when considered singly, may amount to a violation of due process requiring reversal of a conviction." *United States v. Al-Moayad*, 545 F.3d 139, 178 (2d Cir. 2008). But we refuse to aggregate things that are "not, in fact, errors." *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 147 (2d Cir. 2008).

Martinez argues that several instances of alleged prosecutorial error, even if not individually prejudicial, when considered cumulatively violated his right to due process, and thus warrant a new trial. The alleged prosecutorial error includes late disclosure of some documents, inadequate preparation of certain witnesses, and inappropriate trial behavior. We disagree with Martinez's characterization of some of this conduct as "prosecutorial error." But even assuming

4

it was misconduct, it was not "of sufficient significance to result in the denial of the defendant's right to a fair trial." *Blissett*, 924 F.2d at 440. Moreover, the district court consistently issued curative instructions, *cf. United States v. Binday*, 804 F.3d 558, 592 (2d Cir. 2015) (declining to overturn conviction where "the district court's curative instruction guarded against precisely the prejudice that [defendant] alleges"), and conviction was certain even absent the alleged misconduct. A new trial is not warranted.

### 5. Constitutional Challenges to the Sentence

Martinez finally contends that the district court violated his Fifth Amendment right to due process, as well as his Sixth Amendment right to trial by jury, when it considered acquitted conduct—his alleged involvement in the murder of Quincy Turner—in imposing his sentence. His arguments are defeated by controlling precedent.

As Martinez's counsel acknowledged at oral argument, the law in this respect is well established. Even when a jury finds that the defendant has not been proved guilty of a charged offense beyond a reasonable doubt, a "district court may treat acquitted conduct as relevant conduct at sentencing, provided that it finds by a preponderance of the evidence that the defendant committed the conduct." *United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2012) (internal citations and quotation marks omitted). This is because "[n]o limitation shall be placed on the information [a district court] may receive and consider" in imposing a sentence. 18 U.S.C. § 3661. Precedent dictates that use of "the preponderance standard [by a sentencing judge] satisfies due process," *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986), is "consistent with the Double Jeopardy Clause," *United States v. Watts*, 519 U.S. 148, 636 (1997), and, under non-mandatory guidelines, does not violates the Sixth Amendment requirement for trial by jury, *see United States v. Booker*, 543 U.S. 220, 258 (2005) (rejecting the concept of "a sentencing guidelines system in which sentencing judges were free to consider facts or circumstances not found by a jury or admitted in a plea agreement for the purpose of adjusting a base-offense level *down*, but not *up*, within the applicable guidelines range").

A district court's "[f]indings of relevant conduct are reviewed for clear error." *Pica*, 692 F.3d at 88. We identify no such error in the district court's determination that Martinez was "directly responsible for the death of Quincy Turner." GA 2077. In the era of post-Booker non-mandatory guidelines, this Court has affirmed the continued validity of a judge's use of acquitted conduct in sentencing. *See United States v. Vaughn*, 430 F.3d 518, 526-27 (2d Cir. 2005); *United States v. Martinez*, 525 F.3d 211, 215 (2d Cir. 2008). Accordingly, we reject Martinez's challenge here today.

We have considered the remainder of Martinez's arguments and find them to be without merit. The order of the district court hereby is AFFIRMED.

POOLER, Circuit Judge, concurring:

While I concur with the outcome in this case, I believe that the district court's practice of using acquitted conduct to enhance a defendant's sentence—here, to life imprisonment—is fundamentally unfair. I agree with Justice Scalia that such a practice "disregard[s] the Sixth

5

Amendment," *Jones v. United States*, 135 S. Ct. 8, 9 (2014) (Scalia, J., dissenting from denial of certiorari), and with then-Judge Gorsuch that "[i]t is far from certain whether the Constitution allows" a district court in this way to "increase a defendant's sentence . . . based on facts the judge finds without the aid of a jury or the defendant's consent," *United States v. Sabillon-Umana*, 772 F.3d 1328, 1331 (10th Cir. 2014). The jury heard all the evidence and acquitted Martinez of the murder of Quincy Turner. That the court then used such acquitted conduct, which it found by a mere preponderance of the evidence, to enhance Martinez's sentence is deeply troubling.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk