FILED

04/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0072

PR 20-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 89

INQUIRY CONCERNING COMPLAINT OF:

ELIZABETH HALVERSON, JACQUELYN HUGHES,
KAREN JARUSSI, AND HON. GREG TODD,

> Complainants,

> v.

HONORABLE ASHLEY HARADA, District
Court Judge, Thirteenth Judicial District,

> Respondent.

PROFESSIONAL REGULATION:     Judicial Standards Commission of the
Supreme Court of the State of Montana

COUNSEL OF RECORD:

For Judicial Standards Commission:

Ed McLean, Special Prosecutor, Missoula, Montana

For Respondent:

Russ Fagg, Russ Fagg and Associates, P.L.L.C., Billings, Montana

Decided: April 17, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivers the Opinion and Order of Discipline of the Court.

¶1 This matter comes before the Court on a formal complaint filed by the Judicial Standards Commission (Commission) against Montana District Court Judge Ashley Harada. Ed McLean, Retired District Court Judge, acted as a special prosecutor for the Commission in this matter. On February 24, 2020, Special Prosecutor McLean filed a Second Amended Formal Complaint, charging Judge Harada with six counts of misconduct. Judge Harada filed her Answer on March 10, 2020, admitting the substantive allegations of the Second Amended Formal Complaint.

¶2 On March 12, 2020, the Commission filed with the Court its recommendation that this Court accept an Acknowledgment and Agreement reached with Judge Harada. The Commission further recommended that this Court publicly censure Judge Harada for the conduct set forth in the Second Amended Formal Complaint.

## BACKGROUND

¶3 This judicial disciplinary matter arises from several allegations of misconduct by Judge Harada while she was a candidate for District Judge in the Thirteenth Judicial District, Yellowstone County, Department 8, and additional allegations about misstatements she made under oath while giving a deposition about those allegations. Special Prosecutor McLean charged Judge Harada with six counts of misconduct, as set forth below.

¶4 Count I alleges that Judge Harada violated M. C. Jud. Cond. R. 4.1(A)(4) and 4.1(A)(7) by having on her Facebook page endorsements from the Yellowstone County

2

Republican Party; Denise Johnson, Republican candidate for House District 48; and Elinor Swanson, Libertarian candidate for U.S. House of Representatives. Judge Harada admitted that she violated these Rules by failing to remove those endorsements from her Facebook page. However, she further alleges she contacted the Commission regarding the Republican Party endorsement, but received no response.

¶5 Count II alleges that Judge Harada violated M. C. Jud. Cond. R. 4.1(A)(1) and 4.1(A)(4) because the Harada Law Firm had contributed to a partisan congressional candidate. Although the contribution check appeared to be signed by Judge Harada's husband Tim Harada, Tim was not a member of the Harada Law Firm, and when the campaign sent a letter inquiring as to whom to attribute the contribution, the name "Ashley Harada" was written in. Judge Harada has admitted this violation. However, she further alleges she did not ask Tim to make this donation on her behalf and she believes the donation should have been attributed to the signature on the check under the federal election laws and the Code of Federal Regulations.

¶6 Count III alleges that Judge Harada violated M. C. Jud. Cond. R. 4.1(A)(3) and 4.1(A)(7) by publicly endorsing Republican candidate for Yellowstone County Commissioner Don Jones and Republican incumbent candidate Musselshell and Golden Valley County Attorney Kevin Peterson. Judge Harada has admitted this violation. However, she further states that these endorsements were on her personal Facebook page and she maintained privacy settings on that page to ensure her personal views did not become public as required by American Bar Association Opinion 462 (2013). Judge

Harada adds that she "understands the more stringent requirements of the Judicial Standards of Montana, as opposed to the guidance of the ABA."

¶7 Count IV alleges that Judge Harada violated M. C. Jud. Cond. R. 4.1(A)(10) by attributing to herself two years of law experience while she was a law student under the student practice rules, but while not recognized as a member of the Montana Bar or admitted to practice by this Court. Count IV further alleges that Judge Harada gave herself credit for approximately 80 jury trials while she was on inactive status with the Montana Bar and which she attended while a law clerk for a federal judge. Judge Harada has admitted only that she violated this Rule by attributing to herself two years of law experience while she was a law student under the student practice rules. She adds that while she accepts that this was an improper representation, during those two years, she represented clients, wrote and filed briefs, appeared in court with clients, and sat second chair in a federal jury trial.

¶8 Count V alleges that Judge Harada violated M. C. Jud. Cond. R. 4.1(A)(10) while she was a candidate for District Judge by making false and misleading statements to the University of Montana School of Law about H.W. to preclude H.W.'s admission as a law student because of a personal grievance. Judge Harada has admitted this violation.

¶9 Count VI alleges that Judge Harada violated M. C. Jud. Cond. R. 1.2 and 2.17(A)[1] by employing H.W. as a nanny, babysitter, and/or office worker without proper reporting

---

[1] Both the Second Amended Formal Complaint and Judge Harada's Answer indicate M. C. Jud. Cond. R. 2.7; however, the Second Amended Formal Complaint quotes M. C. Jud. Cond. R. 2.17(A) and it is clear to this Court that the former was a typographical error.

to the Internal Revenue Service, the Montana Department of Revenue, or Workers' Compensation, and while Judge Harada committed this violation prior to becoming a candidate for judicial office, she denied it under oath while giving her deposition in this matter and after becoming a District Judge. Special Prosecutor McLean noted that when Judge Harada gave her deposition, she relied on information from her accountant and after the deposition, Judge Harada's accountant advised her that, based upon subsequent training the accountant received, H.W. would be considered an employee. Special Prosecutor McLean further noted that Judge Harada was making the necessary efforts to remedy this matter through the appropriate government agencies, and she had arranged through her accountant to file amended tax returns and to bear any tax burdens and FICA expense. Judge Harada has admitted this violation, and agreed with Special Prosecutor McLean's additional comments.

¶10 In addition to her Answer, Judge Harada signed a separate Acknowledgment and Agreement setting forth the following:

> A. Judge Ashley Harada acknowledges and agrees that the attorney/judge Complainants in this matter acted in accordance with the Montana Rules of Professional Conduct with regard to reporting to the Commission on Judicial Standards; and she will cast no aspersions on nor will she engage in any retribution or retaliation, direct or indirect, toward any Complainant, witness, or person connected to this complaint, investigation, and resolution, including, but not limited to, Elizabeth Halverson, Jacquelyn Hughes, Karen Jarussi, Honorable Gregory Todd, Katherine Berst, Teague Westrope, Hanna Walter, Jon Walter and Cindy Walter.
>
> B. For all such time as Judge Harada serves as a judicial officer, she agrees to immediately recuse herself from any matter in which appear the Complainants, witnesses, persons connected to this complaint, or family members of the same, including, but not limited to, the persons identified in paragraph A above.

5

In the same document, Judge Harada and the Commission agreed that a public censure is the appropriate discipline "concerning the admissions to the violations alleged in the complaint."

**DISCUSSION**

¶11 Article VII, Section 11(3), of the Montana Constitution and § 3-1-1107, MCA, allow this Court, upon recommendation of the Judicial Standards Commission, to impose discipline upon any Montana judge for violation of the Montana Code of Judicial Conduct. Section 3-1-1107(1), MCA, provides that this Court shall review the record of the proceedings of the Commission and shall make such determination as it finds just and proper. This Court may order censure, suspension, removal, or retirement of a judicial officer, or it may wholly reject the Commission's recommendation.

¶12 As set forth above, Judge Harada has admitted to violations of M. C. Jud. Cond. R. 1.2, 2.17(A), 4.1(A)(1), 4.1(A)(3), 4.1(A)(4), 4.1(A)(7), and 4.1(A)(10), including two counts of violations for each of M. C. Jud. Cond. R. 4.1(A)(4), 4.1(A)(7), and 4.1(A)(10).

¶13 Canon 1 of the Montana Code of Judicial Conduct provides, "A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Under that Canon, Rule 1.2 states, "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and appearance of impropriety." The comments to Rule 1.2 state, in relevant part, that

6

improprieties include violations of law. Judge Harada violated the law, and thus Rule 1.2, when she failed to properly report H.W. as an employee, as alleged by Count VI.

¶14 Canon 2 of the Montana Code of Judicial Conduct provides, "A judge shall perform the duties of judicial office impartially, competently, and diligently." Under that Canon, Rule 2.17(A) states, "A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies." Judge Harada violated this Rule when she denied H.W.'s employment status, as alleged by Count VI.

¶15 Canon 4 of the Montana Code of Judicial Conduct provides, "A judge or candidate for judicial office shall not engage in political or campaign activity that is inconsistent with the independence, integrity, or impartiality of the judiciary." Special Prosecutor McLean alleged, and Judge Harada admitted to, eight violations of Rule 4.1 under Canon 4.

¶16 Rule 4.1(A)(3) provides that a judge or judicial candidate shall not "publicly endorse or oppose a partisan or independent candidate for any non-judicial public office." Judge Harada violated this Rule when she publicly endorsed two partisan candidates for non-judicial offices, as alleged by Count III.

¶17 Rule 4.1(A)(4) provides that a judge or judicial candidate shall not "solicit funds for, pay an assessment to, or make a contribution to a political organization, or to or on behalf of any partisan or independent office-holder or candidate for public office." We agree that Judge Harada, as alleged and admitted to, committed two violations of this Rule, first by having on her Facebook page endorsements from two partisan candidates

7

and a political organization, as alleged by Count I; and secondly by contributing to a partisan candidate, as alleged by Count II.

¶18 Rule 4.1(A)(7) provides that a judge or judicial candidate shall not "seek, accept, or use endorsements from a political organization, or partisan or independent non-judicial office-holder or candidate." We agree that Judge Harada, as alleged and admitted to, committed two violations of this Rule, first by having on her Facebook page endorsements from two partisan candidates and a political organization, as set forth in Count I; and secondly by endorsing two partisan candidates for non-judicial offices, as set forth in Count III.

¶19 Rule 4.1(A)(10) provides that a judge or judicial candidate shall not "knowingly, or with reckless disregard for the truth, make any false or misleading statement." We agree with the Commission, and as partially admitted by Judge Harada, that Judge Harada committed two violations of this Rule, first by attributing to herself two years of law experience while she was a law student under the student practice rules, but while not recognized as a member of the Montana Bar or admitted to practice by this Court, and by giving herself credit for approximately 80 jury trials while she was on inactive status with the Montana Bar and which she attended while a law clerk for a federal judge; and secondly when, while a candidate for District Judge, she made false and misleading statements to the University of Montana School of Law about H.W. to preclude H.W.'s admittance because of a personal grievance.

¶20 The State has a "compelling interest in preserving public confidence in the integrity of the judiciary[.]" *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 444, 135 S. Ct.

8

1656, 1666 (2015). This Court adopted the Code of Judicial Conduct to protect that interest. Judge Harada's admissions of clear and knowing misconduct in this matter demonstrate serious violations of that Code and of the public trust in those governed by it. They manifest a flagrant disregard and threat to the rule of law and public confidence in the independence, impartiality, and integrity of our judicial system.

¶21 We give careful deference to the work of the Commission in reviewing cases of judicial misconduct. This Court, however, bears ultimate responsibility for determining whether the sanction is appropriate under the circumstances, particularly in cases of agreed discipline. *Judicial Standards Comm'n of Mont. v. Baugh*, 2014 MT 149, ¶¶ 12-13, 375 Mont. 257, 334 P.3d 352. For the reasons explained, the Court has determined that the factual allegations of the Second Amended Complaint and Judge Harada's admissions to those allegations require suspension from judicial duties for a period of reflection and re-focus upon the ultimate principles of honesty, respect, and decency. Accordingly,

¶22 We ACCEPT Judge Harada's admissions that her actions violated the Code of Judicial Conduct and her Acknowledgment and Agreement concerning the complaints brought to the Commission. We REJECT the Commission's recommended form of discipline for Judge Harada's violations.

¶23 IT IS THEREFORE ORDERED that the Hon. Ashley Harada is hereby SUSPENDED from office without pay for a period of thirty days, commencing May 1, 2020.

9

¶24 The Clerk of this Court is directed to serve a copy of this Opinion and Order of Discipline upon counsel for Hon. Ashley Harada, Ed McLean, Elizabeth Halvorson, Jacquelyn Hughes, Karen Jarussi, and Hon. Gregory Todd, and to provide copies to each member of the Judicial Standards Commission.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

Justice Ingrid Gustafson did not participate in the consideration of this Opinion and Order of Discipline.