NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2020
Decided December 1, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1119

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 1:17-CR-00299(1) |
| | |
| TIMOTHY DORSEY, | John J. Tharp, Jr., |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Timothy Dorsey operated a sex-trafficking ring in which his workers, adult men, would perform sexual acts on customers during erotic massages. He pleaded guilty to two counts of knowingly transporting individuals across state lines to engage in prostitution in violation of 18 U.S.C. § 2421. The judge sentenced him to 120 months in prison. Dorsey appeals and argues that his sentence, which exceeded the high end of the Guidelines range by 79 months, is substantively unreasonable. The judge appropriately found the Sentencing Guidelines "grossly inadequate" to represent the objectives of 18 U.S.C. § 3553(a) and reasonably justified the above-Guidelines sentence, so we affirm.

From 2011 to 2015, Timothy Dorsey ran a Chicago-based sex-trafficking operation that sent his workers across the country. Dorsey sold the workers for sex by posting online advertisements that offered sensual and erotic massages. Dorsey booked the appointments, informed customers what commercial sex acts his workers would provide, set the prices customers would pay, and coordinated transportation and lodging for his workers. He also collected half the proceeds. According to his workers, Dorsey physically and emotionally abused them and threatened to kill anyone who performed sex work outside the operation.

In 2015 Dorsey pleaded guilty to a state pimping charge in Georgia and was incarcerated for almost a year. While in custody he attempted to run his operation by sending postcards to his workers with instructions on how to continue meeting with customers. After his release he was rearrested in Georgia in late 2016 on charges (later dismissed) of pimping and trafficking a female worker.

In May 2017 Dorsey was indicted by a grand jury in the Northern District of Illinois on five counts of transporting individuals across state lines to engage in prostitution in violation of 18 U.S.C. § 2421. Several months later he was indicted in the Middle District of Georgia under the same statute on another count. This indictment was transferred to the Northern District of Illinois. *See* FED R. CRIM. P. 20. Dorsey pleaded guilty to two counts of transporting individuals across state lines to engage in prostitution. The presentence report recommended a Guidelines range of 24 to 30 months in prison.

At sentencing the government pushed for an above-Guidelines sentence of 8 to 10 years in prison to reflect, among other things, Dorsey's role in the murder of Philip Scheau, one of his former workers. The government presented evidence that Scheau was shot and killed at Dorsey's direction by one of his workers in a motel parking lot in February 2015—several weeks after Scheau stopped working for Dorsey. The government played excerpts from the shooter's videorecorded confession to police officers in which he explained that he killed Scheau at Dorsey's order after Scheau left the operation and started posting his own advertisements for sex work. To corroborate the shooter's confession, the government introduced cell-phone and credit-card records showing that Dorsey had rented a car and driven from Texas to Illinois (where Scheau was killed) with the shooter around the time of the murder. The government also presented surveillance video of a car identical to Dorsey's rental with the shooter being dropped off at the motel shortly before the murder.

After calculating the Guidelines range at 33 to 41 months, the judge deemed the range "grossly inadequate" to reflect the sentencing objectives of 18 U.S.C. § 3553(a) and sentenced him to 120 months. An above-Guidelines sentence was justified, he explained, because of Dorsey's long history of running his operation using manipulative and abusive tactics toward his victims, the actual danger that he presented to the public, and the risk for recidivism considering that he had continued to facilitate sex trafficking both during and after his Georgia incarceration. In addition, the judge found by a preponderance of the evidence that Dorsey initiated, planned, and directed Scheau's murder. He acknowledged Dorsey's mitigation arguments about his difficult childhood and older age (52) but concluded that none of the arguments warranted a lower sentence. The judge also determined that despite Dorsey's admissions in the plea agreement, he had not fully accepted responsibility for his conduct based on ambivalent statements he made to the probation officer. (He told the probation officer that his business provided "legal companionship to lonely people" and that he turned a "blind eye" to his employees who performed sexual acts.)

On appeal Dorsey challenges his above-Guidelines sentence on the ground that the judge focused too narrowly on his role in Scheau's murder. Rather than address the nature and circumstances surrounding the interstate trafficking offenses for which he pleaded guilty, he asserts that the judge "focused entirely" on his involvement with Scheau's murder—conduct for which he had not been indicted. Further, his case differs from other cases in which courts apply above-Guidelines sentences for uncharged violent conduct because no violence had been traced to him; the government never argued that he pulled the trigger and killed Scheau.

Dorsey misapprehends the basis of the court's sentence. As the judge explained, "[t]his is not a sentence for murdering Phillip Scheau. This is the sentence you deserve for committing the prostitution crimes that you've been charged with and convicted [of]." The judge concluded that the Guidelines range did not encapsulate the full scope of Dorsey's conduct and his involvement in violent acts and that an above-Guidelines sentence was warranted. *See United States v. Gill*, 824 F.3d 653, 665–66 (7th Cir. 2016). Primary in the judge's determination was the abuse and manipulation that Dorsey imposed in his day-to-day operation of his business. The judge highlighted the nature and circumstances of the charged offenses, particularly Dorsey's long and undisputed history of running his sex-trafficking operation, his manipulating and threatening tactics toward his victims, the many people involved, and his efforts to conceal the operation and obstruct law enforcement. Although Dorsey did not have an extensive criminal record, the judge pointed out that the year he spent in prison for a pimping

charge did not deter him from sex trafficking. Further, Dorsey's aloof comments to the probation officer belied acceptance of responsibility for the charged offenses.

And while the judge did not "focus entirely" on Dorsey's role in Scheau's murder, he did consider it an aggravating factor. This is permissible. Courts may consider relevant, uncharged conduct when imposing a sentence so long as the conduct is proved by a preponderance of the evidence. *United States v. Holton*, 873 F.3d 589, 591–92 (7th Cir. 2017). He had little difficulty concluding that the government had met this burden in the case of Scheau's murder and that a higher sentence was needed to protect the public. Lastly, Dorsey's denial that he committed "actual violence" is specious; whether he pulled the trigger does not undermine the judge's determination that he orchestrated the murder and that it had been carried out at his command.

Dorsey also asserts that the judge erred by not giving more weight to his arguments in mitigation, primarily concerning his difficult childhood. He notes that his mother died when he was a toddler, his father did not play an active role in his life, he had a difficult time in foster care, and he was sexually abused by an adult at his work when he was 14.

The judge considered these arguments but reasonably concluded that a lesser sentence was not warranted. As a preliminary matter, Dorsey likely waived any procedural challenge by not responding to the judge's inquiry about whether he had sufficiently addressed his principal arguments in mitigation. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013). In any event, the judge reasonably rejected his arguments in mitigation. As the judge explained, despite Dorsey's background, he "clearly has a lot going for him"—he graduated high school, became a sergeant in the military, and has no documented substance-abuse or mental-health issues—yet he still spent years operating and profiting from his sex-trafficking ring.

AFFIRMED