**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021
Decided June 2, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3200

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-cr-14-bbc-1 |
| EDGAR J. DELAROSA, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

While on supervised release in the Eastern District of Wisconsin for convictions in the Western District of Wisconsin for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), Edgar Delarosa was charged in Illinois with aggravated domestic battery, 720 ILCS 5/12-3.3, and harassment, *id.* 5/26.5-3(a)(5). He absconded for three months, and his probation officer petitioned to revoke his release. At the revocation hearing, Delarosa conceded that he failed to report to the probation office, left the judicial district without permission, and did not give his new address. Based on these violations, plus evidence that Delarosa had consumed alcohol, the district court revoked his supervised release and sentenced him to one year in prison with no further supervision. Delarosa

filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Delarosa does not have an unqualified constitutional right to counsel when appealing a revocation order. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Nevertheless, we apply the *Anders* safeguards to ensure that all potential issues receive consideration. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief adequately addresses the potential issues that an appeal of this kind might involve, and Delarosa did not respond to counsel's motion, *see* CIR. R. 51(b), we limit our review to the issues counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Counsel reports that Delarosa does not wish to retract his admissions and challenge the revocation itself, so we focus only on whether Delarosa could challenge his sentence. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

Counsel first evaluates whether Delarosa could challenge the calculation of his reimprisonment range under the policy statements in Chapter Seven of the Sentencing Guidelines. The district court correctly determined that Delarosa's admitted violations were all Grade C, the lowest level. *See* U.S.S.G. § 7B1.1(a)(3)(B). So was drinking alcohol—which Delarosa did not admit. *See id.* Based on that classification from his original sentence, the district court properly applied a range of 7 to 13 months. *See id.* § 7B1.4(a). Further, because the underlying gun offense was a Class C felony, 18 U.S.C. § 3559(a)(3), the court correctly calculated the two-year statutory maximum. *See id.* § 3583(e)(3). We agree with counsel that Delarosa could not assert any error regarding these calculations.

Next, counsel rightly rejects any argument that the district court improperly relied on conduct from Delarosa's pending criminal charges when selecting his sentence. Courts may consider pending charges during sentencing, but the criminal conduct must be proved by a preponderance of the evidence. *United States v. Holton*, 873 F.3d 589, 591 (7th Cir. 2017). Here, the court found that Delarosa physically assaulted his nephew and sent harassing messages to his niece and sister. But the court emphasized that it would "not take the defendant's conduct in these incidents into consideration … in determining a sentence" so that the state court could "handle these matters." And the court did not; it sentenced Delarosa within the range for a Grade-C violation (7 to 13 months), not the Grade-B range (18 to 24) that would have applied if the court revoked his supervision for committing a new crime. *See* U.S.S.G. § 7B1.4(a).

Counsel also concludes, correctly, that it would be frivolous to challenge the finding that Delarosa drank alcohol (which a special condition of his supervision

prohibited), based on his nephew's statement to police officers that Delarosa was intoxicated when the fight occurred. The alcohol use was not the basis of any pending charge, and the district court had an evidentiary basis for its conclusion. A court may consider hearsay during sentencing, and Delarosa did not submit any evidence to dispute the statement. *See United States v. Brown*, 973 F.3d 667, 712 (7th Cir. 2020).

Counsel also explores but rightly rejects a challenge to the reasonableness of the one-year term of reimprisonment. Review is deferential; we would ask only whether the sentence is "plainly unreasonable*." United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014) (citation omitted). Here, the district court adequately addressed the 18 U.S.C. § 3553(a) factors, referring to the need to hold Delarosa accountable for his violations, promote respect for the law, protect the community, and deter further crimes. *See id.* § 3583(e). Then, it selected a sentence within the Guidelines range and below the two-year statutory maximum. We would not determine such a sentence to be plainly unreasonable. *See Jones*, 774 F.3d at 405.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.