In the

# United States Court of Appeals

### For the Seventh Circuit

No. 17-2764

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

AARON LAMON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 17-10015-001 — **James E. Shadid**, *Chief Judge.*

ARGUED JUNE 6, 2018 — DECIDED JUNE 19, 2018

Before WOOD, *Chief Judge*, and KANNE and SCUDDER, *Circuit Judges*.

PER CURIAM. Sentencing judges ordinarily "group" counts of conviction when they involve "substantially the same harm." U.S.S.G. § 3D1.2. In *United States v. Sinclair*, 770 F.3d 1148 (7th Cir. 2014), we ruled that when facing a particular combination of counts—the same combination in this case—a judge may *not* group them. Aaron Lamon pleaded guilty to three counts: (1) possessing cocaine with intent to distribute,

21 U.S.C. § 841(a)(1); (2) possessing a firearm in furtherance of that crime, 18 U.S.C. § 924(c)(1)(A); and (3) possessing a firearm as a felon, *id.* § 922(g)(1). Following *Sinclair*, at sentencing the judge did not group Lamon's first and third counts—his drug-trafficking conviction and felon-in-possession conviction. Because Lamon has not provided any valid basis for overturning *Sinclair*, we affirm the judgment.

## I. BACKGROUND

Before and at sentencing, the parties debated whether the district court should group Lamon's drug and felon-in-possession offenses under Section 3D1.2(c) of the Sentencing Guidelines. That section states that two counts should be grouped "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c).

The parties disagreed over the continuing vitality of *Sinclair*. In *Sinclair*, we concluded that a drug-trafficking count under § 841(a) and a felon-in-possession count under § 922(g) cannot be grouped when accompanied by a § 924(c) offense for using a firearm to further a felony. 770 F.3d at 1157–58. *Sinclair* observed that when a defendant is convicted under § 924(c), the Guidelines direct courts *not* to apply any offense-characteristic enhancement for firearm possession to the drug count. *Id.* at 1158; *see* U.S.S.G. § 2K2.4, cmt. 4. The reason is that the § 924(c) conviction itself enlarges the sentence based on the defendant's use of a weapon to further a felony by requiring a 60-month consecutive mandatory minimum sentence. *Sinclair*, 770 F.3d at 1158. Thus, in these circumstances, the felon-in-possession count has no impact on the guideline range for the underlying drug count, thereby eliminating the

rationale for grouping. *See* U.S.S.G. § 3D1.2(c); *Sinclair*, 770 F.3d at 1158. Lamon responded that *United States v. Cherry*, 855 F.3d 813 (7th Cir. 2017) implicitly overruled *Sinclair*, so his § 841(a) and § 922(g) offenses must be grouped. The government insisted that *Sinclair* remains good law.

The district judge rejected Lamon's objection and did not group the counts. The judge calculated guidelines ranges of 30 to 37 months for the § 841(a) and § 922(g) counts, based on a total offense level of 17 and Lamon's criminal history category of III. He sentenced Lamon to below-guidelines concurrent terms of 24 months' imprisonment on each of these counts, followed by the statutory minimum consecutive term of five years for the § 924(c) count, resulting in a total sentence of 84 months' imprisonment. Had the judge grouped the § 841(a) and § 922(g) counts, Lamon's total offense level would have been 15, resulting in a guidelines range of 24 to 30 months for each charge. *See* U.S.S.G. Ch. 5, Part A.

Lamon now renews his argument that the district judge should have grouped his § 841(a) and § 922(g) counts at sentencing. Acknowledging that *Sinclair* forecloses this argument, he argues our court has already overturned or should now overturn that decision.

## II. ANALYSIS

Lamon argues unpersuasively that we implicitly overruled *Sinclair* in *United States v. Cherry*, 855 F.3d 813 (7th Cir. 2017). He points out that when reciting the procedural history in *Cherry*, we noted that the § 841(a) and § 922(g) charges were grouped "[c]onsistent with the sentencing guidelines," *Cherry*, 855 F.3d at 815, even though Cherry faced a § 924(c) conviction. But *Sinclair* and "grouping" were irrelevant to the

sentencing issue decided in *Cherry*. Indeed *Sinclair* was not even mentioned. Because the grouping issue was not part of the ruling in *Cherry*, any variance from *Sinclair* is not binding in later cases. *See Tate v. Snowboat Marina Casino P'ship*, 431 F.3d 580, 582 (7th Cir. 2005).

Alternatively, Lamon contends that we should now overturn *Sinclair* to rectify a circuit split and ensure uniform application of the Sentencing Guidelines. But the mere existence of a circuit split does not justify overturning precedent. *United States v. Waters*, 823 F.3d 1062, 1065 (7th Cir. 2016). This is especially true here, because in *Sinclair* we knew that we were *creating* the split, and in doing so weighed the impact that our contrary decision would have on uniformity among the circuits. *See Sinclair*, 770 F.3d at 1158 n.2 (noting that opinion was circulated to full court because it created split with *United States v. Bell*, 477 F.3d 607 (8th Cir. 2007)); *see Santos v. United States*, 461 F.3d 886, 894 (7th Cir. 2006) (explaining that it is better to "stay the course" when court has "already considered and duly decided the issue"). Although superseding changes in the law may justify deviating from precedent, *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 854–55 (1992), no such developments are present here. The only post-*Sinclair* case Lamon cites directly addressing this issue is *United States v. Fonseca*, 2018 WL 1180656 (11th Cir. 2018). That case at most reiterates the Eleventh Circuit's non-precedential position predating *Sinclair*. *See United States v. King*, 201 Fed. Appx. 715, 717 (11th Cir. 2006). Lamon's argument thus amounts to nothing more than asking us to reconsider our prior analysis.

Further, disagreement with a prior holding is an inadequate basis to overturn precedent. Lamon stresses that *Sinclair*

was wrongly decided. But if believing a prior decision is in-correct were sufficient grounds to overrule it then stare deci-sis would be meaningless, "because no doctrine of deference to precedent is needed to induce a court to follow the prece-dents that it agrees with." *Tate,* 431 F.3d at 582. Nor may we reevaluate *Sinclair* simply because, as Lamon contends, it may result in long sentences for some defendants. *See Santos*, 461 F.3d at 893 (finding sentencing consequences insufficient grounds to overturn circuit precedent). We may only over-turn precedent for a "compelling reason," *id.* at 891, and Lamon has not provided one.

### III. CONCLUSION

The proper resolution of this issue in future cases is not for us to reconsider our precedent without supervening develop-ments. Instead, interested parties should ask the United States Sentencing Commission to clarify its position on the role of comment 4 to § 2K2.4.

AFFIRMED