**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021[*]
Decided July 9, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2890

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 19-20043-01 |
| MARTIN OCAMPO-GOMEZ, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Martin Ocampo-Gomez, a Mexican citizen, conditionally pleaded guilty to re-entering the United States illegally, see 8 U.S.C. § 1326(a), (b)(2), preserving the right to appeal the denial of his motion to dismiss his indictment. In his motion and on appeal, he seeks to attack collaterally the order to remove him from the country, arguing that the order was invalid because his notice to appear at a removal hearing omitted the date

---

[*] Based on Ocampo-Gomez's unopposed motion to waive oral argument, we have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

and time for his hearing. Because circuit precedent forecloses Ocampo-Gomez from collaterally attacking his removal order on this ground, we affirm.

After Ocampo-Gomez illegally entered the United States, he was arrested for felony driving under the influence of alcohol with a revoked license in 2005. He later received a notice to appear at an immigration hearing. The notice did not state the time or place of the hearing. Ocampo-Gomez later learned of the hearing time and place and both appeared at the hearing and fully participated. But he did not object to the notice defect, and an immigration judge ordered Ocampo-Gomez's removal in April 2006. Ocampo-Gomez later returned to the United States, but he was removed twice more, in 2013 and in 2018.

After he re-entered the United States most recently, a grand jury indicted Ocampo-Gomez for illegal reentry after removal, 8 U.S.C. § 1326, and he moved to dismiss the indictment. He argued that the 2006 removal order underlying his indictment was invalid because his notice to appear lacked the time and place of his hearing. The district court denied his motion at a hearing. It reasoned that our court's precedent, including *Ortiz-Santiago v. Barr*, 924 F.3d 956, 958 (7th Cir. 2019), blocked dismissal of the indictment. Ocampo-Gomez then conditionally pleaded guilty, preserving the right to appeal this issue.

We review the denial of a motion to dismiss an indictment de novo. *United States v. Hernandez-Perdomo*, 948 F.3d 807, 810 (7th Cir. 2020). Ocampo-Gomez's motion sought to attack collaterally his removal order. To mount such an attack, Ocampo-Gomez had to demonstrate that: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order," (2) the removal proceedings "improperly deprived" him of the "opportunity for judicial review," and (3) the entry of the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(1)(3); see also *United States v. Manriquez-Alvarado*, 953 F.3d 511, 513 (7th Cir. 2020).

Ocampo-Gomez cannot collaterally attack his removal order. He acknowledges that for him to succeed we would have to overrule *Ortiz-Santiago* and *Manriquez-Alvarado*. In *Ortiz-Santiago,* we held that if, during removal proceedings, a noncitizen has not objected to a time-and-place defect in a notice to appear, the defect does not invalidate a later order of removal, because it is not jurisdictional. 924 F.3d at 963–64. Later, in *Manriquez-Alvarado*, we declined a request to overrule *Ortiz-Santiago.* 953 F.3d at 512. We added that a noncitizen who could have timely objected to a notice defect in connection with removal proceedings not only cannot attack the order on direct judicial

review; the noncitizen cannot collaterally attack the removal order during a later illegal-reentry prosecution. *Manriquez-Alvarado*, 953 F.3d at 512–13; see also *Mejia-Padilla v. Garland*, No. 20-1720, 2021 WL 2659547, at *5 (7th Cir. June 29, 2021).

Nonetheless, Ocampo-Gomez insists that we should overturn *Ortiz-Santiago.* He argues that it failed to consider two sources of law. The first is Section 309 of the Illegal Immigration Reform and Immigration Responsibility Act of 1996, which refers to actions that "confer jurisdiction" on immigration judges. The second is *City of Arlington v. F.C.C.*, 569 U.S. 290, 297–98 (2013), which states that, when agencies "act improperly, no less than when they act beyond their jurisdiction, what they do is ultra vires."

We again decline to overturn *Ortiz-Santiago*. We need not assess these two arguments because "it takes more than argument that a decision is mistaken to justify overruling." *Buchmeier v. United States*, 581 F.3d 561, 566 (7th Cir. 2009) (en banc). Overruling precedent requires "compelling circumstances," *Castellanos v. Holder*, 652 F.3d 762, 765 (7th Cir. 2011), such as the opportunity to resolve a circuit split, see *Buchmeier*, 581 F.3d at 566, or subsequent changes to the law that render the relevant precedent inapt. See *United States v. Lamon*, 893 F.3d 369, 371–72 (7th Cir. 2018). But, as we recognized in *Ortiz-Santiago*, circuits concur that the omission of time and place information on a notice to appear does not destroy an immigration court's jurisdiction. 924 F.3d at 958. "No other circuit has disagreed with [*Ortiz-Santiago*'s] holding." *Manriquez-Alvarado*, 953 F.3d at 512. Further, superseding inconsistent authority has not occurred in the two years since *Ortiz-Santiago* was decided; both of Ocampo-Gomez's bases for overturning *Ortiz-Santiago* predate the decision. His argument for overturning *Ortiz-Santiago* is therefore based on a belief that it was wrongly decided, and such a belief is not a compelling reason to disturb precedent. *Buchmeier*, 581 F.3d at 566. Finally, because Ocampo-Gomez cannot show that his initial removal was fundamentally unfair, see *Manriquez-Alvarado*, 953 F.3d at 514, any separate challenge to his underlying removal based on a violation of his right to "due process" also fails. See *Hernandez-Perdomo*, 948 F.3d at 813.

AFFIRMED