In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 22-2829

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KAMALA D. MCCOMBS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:20-cr-30158 — **David W. Dugan**, *Judge.*

———————

ARGUED MAY 25, 2023 — DECIDED FEBRUARY 19, 2025

———————

Before EASTERBROOK, ROVNER, and LEE, *Circuit Judges*.

LEE, *Circuit Judge*. Kamala McCombs pleaded guilty to two counts of drug trafficking for her role in a conspiracy to transport large amounts of methamphetamine from Arizona to Illinois. The district court sentenced her to concurrent terms of 121 months of imprisonment and 60 months of supervised release. McCombs appeals, arguing that she was entitled to a mitigating role reduction under the United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2, in part because one

of her co-conspirators received this reduction. Because the district court's conclusions were not clearly erroneous, we affirm.

## I. Background

### A. The Conspiracy

Meredith Forson led a conspiracy to distribute methamphetamine in Illinois from approximately December 2018 through July 2020. She obtained the illicit drugs from a supplier in Arizona and had the drugs delivered or shipped into Illinois. To do this, Forson relied on several different individuals to smuggle methamphetamine across state lines.

One of these individuals was Jacquelynn Eng. Forson paid Eng to travel by train to Arizona, purchase the drugs, and transport them to Illinois. Forson also paid for a driver and a hotel room for Eng in Arizona. Eng, in turn, asked Ashley Heninger to join her on the trip and purchased Heninger's ticket. On November 4, 2019, federal agents stopped Eng and Heninger at a train station in Arizona. A drug-sniffing police canine flagged Eng and Heninger's luggage, and the agents found four packages of methamphetamine weighing about 5.8 pounds.

In May 2020, Forson contacted McCombs, and McCombs agreed to accept a package of mailed methamphetamine on her behalf. Once McCombs received the package, she conveyed it to a third person who delivered it to Forson.

The following month, McCombs traveled to Arizona with Forson. On July 18, 2020, McCombs boarded an Amtrak train in Arizona headed for Illinois. But like Eng and Heninger, she was stopped by federal agents, and they discovered in McCombs's luggage 5.7 pounds of methamphetamine in

vacuum–sealed bags concealed inside of newly purchased pillows and outdoor candles.

### B. Procedural History

On October 21, 2020, the government indicted Forson, McCombs, Eng, and Heninger for conspiracy to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. Each woman was also charged with possession with intent to distribute 500 grams or more of methamphetamine, in violation of § 841(a)(1).

Each defendant's case proceeded separately. Forson pleaded guilty on April 7, 2021. McCombs pleaded guilty on October 5, 2021, and stipulated to the conduct recounted above.

In anticipation of sentencing, the probation office prepared McCombs's presentence investigation report. The report calculated her total offense level as 33 and her guidelines range as 151 to 188 months of imprisonment. McCombs's convictions also carried a mandatory minimum term of imprisonment of ten years. But McCombs qualified for the safety valve provision of the First Step Act, *see* 18 U.S.C. § 3553(f), which allowed the district court to sentence her without regard to the mandatory minimum. Given this, the probation office also recommended that the district court consider a two-level downward variance to avoid any unwarranted sentencing disparities among the defendants. *See id.* § 3553(a)(6). With this variance, McCombs's guidelines range was 121 to 151 months of imprisonment.

McCombs's only objection to the report was against the probation office's determination that she was not entitled to a "mitigating role" reduction under U.S.S.G. § 3B1.2. Under

that provision, a defendant is entitled to a four-level decrease if she was a "minimal participant" in the criminal activity; a two-level decrease if she was a "minor participant"; and a three-level decrease if she fell somewhere in between those roles. U.S.S.G. § 3B1.2. To determine whether this reduction applies, a court considers whether the defendant is "substantially less culpable than the average participant in the criminal activity," *id.* cmt. n.3(A), taking into account five "non-exhaustive" factors to guide this inquiry.[1] *Id.* cmt. n.3(C).

McCombs was sentenced on October 4, 2022. At the sentencing hearing, the district court overruled McCombs's objection and found that she was not entitled to any mitigating role reduction. The court first explained that it had "taken a look" at the five non-exhaustive factors listed in the guidelines commentary and announced the proper "standard," which is "compar[ing] the defendant's conduct to the conduct of the average participants in the conspiracy." The district court rejected a comparison to Forson, who was the "ringleader" of the conspiracy. But, the court found, McCombs was not the "least culpable" nor "less culpable" than the other members of the conspiracy (namely, Eng and Heninger).

---

[1] These factors are: **(i)** the degree to which the defendant understood the scope and structure of the criminal activity; **(ii)** the degree to which the defendant participated in planning or organizing the criminal activity; **(iii)** the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; **(iv)** the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; **(v)** the degree to which the defendant stood to benefit from the criminal activity. U.S.S.G. § 3B1.2 cmt. n.3(C).

The district court explained that the text messages between McCombs and Forson suggested that McCombs "was more than just a courier … that picks up and delivers." Additionally, the court noted, McCombs had to "hide the product" and "blend in with legitimate travelers," which suggested "more than a negligible role." The district court then elected to apply the two-level variance the probation office had recommended and sentenced McCombs to the low end of the guidelines range: 121 months of imprisonment and 60 months of supervised release for each of the two counts, to be served concurrently.

About a month before McCombs's sentencing, Heninger also pleaded guilty. As part of her plea agreement, Heninger and the government agreed that she was entitled to a four-level reduction for being a "minimal participant" under U.S.S.G. § 3B1.2(a), as well as an additional two-level decrease under § 2D1.1(b)(17) due to her particularly small role in the offense. Heninger was eventually sentenced to 60 months of imprisonment and 60 months of supervised release for each count, to be served concurrently.

While this appeal was pending, Eng pleaded guilty on April 13, 2023. She was sentenced on September 14, 2023, to 158 months of imprisonment and 36 months of supervised release for each of the two counts, to be served concurrently.

## II. Analysis

On appeal, McCombs argues that the district court erred in not giving her the benefit of a mitigating role reduction under U.S.S.G. § 3B1.2, even though it awarded a four-level reduction to Heninger. McCombs also contends that this error resulted in an unwarranted sentencing disparity in this case,

thereby rendering the sentence substantively unreasonable. Neither argument has merit.

### A. Mitigating Role Reduction

Recognizing that her involvement exceeded Heninger's, McCombs contends on appeal that the court should have granted her either a two-level reduction as a minor participant or a three-level reduction as someone whose participation falls between minor and minimal. U.S.S.G. § 3B1.2. Either way, McCombs bears the burden of showing by a preponderance of the evidence that she was entitled to one of these reductions. *United States v. Sanchez*, 989 F.3d 523, 544–45 (7th Cir. 2021). To do so, McCombs must demonstrate that she was "substantially less culpable than the average participant." *United States v. Orlando*, 819 F.3d 1016, 1025 (7th Cir. 2016) (quoting U.S.S.G. § 3B1.2, cmt. n.3(A)).

When considering this question, the district court must "compare the defendant's role to that of an average member of the conspiracy, not with that of the leaders." *Id.* It should also consider the "non-exhaustive list of factors" from the guidelines commentary, which includes the defendant's role in the conspiracy, knowledge of the conspiracy, participation in decision-making, relationship with other participants, and financial gain. *United States v. Turnipseed*, 47 F.4th 608, 616 (7th Cir. 2022) (citing U.S.S.G. § 3B1.2 cmt. n.3(C)).

The application of § 3B1.2 is "fact specific, based on the district court's evaluation of [the defendant's] role in context of the other participants in the scheme." *Sanchez*, 989 F.3d at 545 (quoting *United States v. Guzman-Ramirez*, 949 F.3d 1034, 1037 (7th Cir. 2020)) (cleaned up). We therefore "rarely" reverse a district court's § 3B1.2 decision, "as the sentencing

court is in the best position to determine the role that a defendant had in the criminal activity." *United States v. Sandoval-Velazco*, 736 F.3d 1104, 1107 (7th Cir. 2013). We reverse only if the district court failed to make the requisite factual findings to support its decision, or if those factual findings are clearly erroneous. *See Turnipseed*, 47 F.4th at 615.

Here, in determining the involvement of the average co-conspirator, the district court correctly rejected a comparison of McCombs to Forson and looked to Eng and Heninger. Upon doing so, it concluded that McCombs's involvement in the scheme was not "substantially less" than theirs. While McCombs attempted only one trip from Arizona to Illinois to transport drugs for Forson, she also agreed to receive methamphetamine by mail in Illinois for Forson. Thus, her actions to facilitate the conspiracy exceeded those of Eng and Heninger.

McCombs poses numerous objections to the district court's conclusion. First, she quibbles with the district court's evaluation of each of the five factors from the guidelines commentary. But we will not overturn the district court's conclusion unless, after reviewing the entire record, "we are left with 'a firm and definite conviction that a mistake has been made.'" *Turnipseed*, 47 F.4th at 615 (quoting *United States v. Hernandez*, 37 F.4th 1316, 1320 (7th Cir. 2022)). For the reasons already discussed, this case does not meet this highly deferential standard.

McCombs also takes issue with the district court's characterization of how typical drug couriers act. As the court saw it, McCombs was "more than just a courier" because (among

other things) she "hid[] the product."[2] McCombs asserts that, because all couriers hide drugs, this finding would preclude any courier from receiving the mitigating role adjustment. But this misapprehends the law. As we have explained, drug couriers are neither automatically entitled to, nor precluded from, a mitigating role reduction. *See Sanchez*, 989 F.3d at 544 ("Not every courier is a minor participant, and not every minor participant is a courier."); U.S.S.G. § 3B1.2 cmt. n.3(A) (noting that a defendant whose participation in a drug trafficking offense "was limited to transporting or storing drugs … *may* receive an adjustment under this guideline" (emphasis added)). This is ultimately a fact-intensive inquiry, and the court's observation that McCombs was more than just a courier is supported by McCombs's other actions taking delivery of drugs in Illinois and conveying them to a third party for delivery to Forson. Thus, the district court's denial of her request for a reduction based on her role in the offense was not clearly erroneous.

## B. Sentencing Disparity

McCombs argues that by sentencing her to a custodial sentence of 121 months while sentencing Heninger to 60 months, the district court created an unwarranted sentencing

---

[2] In a footnote in her opening brief, McCombs briefly contends that she did not hide the drugs. According to her, there is no evidence that she was responsible for packing the drugs into vacuum–sealed packets, which is how the federal agents found the methamphetamine in her luggage. Not only is this assertion waived, *see United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) (an issue is waived if it is only mentioned in "passing reference in a footnote"), but McCombs also offered no evidence at sentencing to suggest that someone else had hidden the drugs. *See Sanchez*, 989 F.3d at 544–45 (defendant bears the burden of establishing the reduction).

disparity, thereby making the sentence substantively unreasonable. *See, e.g.*, *United States v. Torres*, 81 F.3d 900, 904 (9th Cir. 1996) ("While it is true that disparity may exist in sentencing co-conspirators, that disparity cannot be justified where the factual findings are inconsistent on the same record."). We review challenges to sentencing disparities for an abuse of discretion. *United States v. Solomon*, 892 F.3d 273, 278 (7th Cir. 2018).

According to McCombs, the district court indicated that she, Eng, and Heninger were *all* more than minor participants by stating: "I feel comfortable with the notion that Ms. McCombs was more than just a minor participant *as well*."[3] (emphasis added). This, to McCombs, suggests that the district court thought that, like her, Eng and Heninger were more than minor participants, which is contrary to its subsequent findings.

This is a strained interpretation of the record. Nowhere did the district court make an affirmative finding that Heninger was more than a minor participant; the only affirmative finding was that McCombs was not substantially less culpable than Heninger or Eng. Moreover, the district court's subsequent conclusion that Heninger (but not McCombs) was

---

[3] In her reply brief, McCombs also takes issue with the district court's passing remark that there was "scant" information about the other co-conspirators. According to McCombs, this means that the district court ignored available information about Heninger (namely, the stipulated facts that were filed as part of Heninger's plea agreement). This belated argument is not only waived, *see White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021), but it is also speculation at best.

entitled to a mitigating role reduction was amply supported by the record: Heninger was brought into the conspiracy by Eng (not Forson) and only agreed to Eng's single request to accompany her on the cross-country trip. This contrasts with McCombs's more involved participation in the conspiracy. On this record, the district court did not commit clear error.

### III. Conclusion

For the foregoing reasons, we AFFIRM the sentence.